**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **COMPLAINT FOR** |
| **Plaintiff,** ) | **CIVIL PENALTIES,** |
| ) | **INJUNCTION,** |
| **v.** ) | **AND OTHER RELIEF** |
| ) | |
| **JASON PHARMACEUTICALS, INC.,** ) | |
| **a Maryland corporation, and** ) | |
| **a subsidiary of Medifast, Inc.,** ) | |
| ) | **CIV. ACTION NO. 12-1476** |
| **Defendant.** ) | |
| ) | |

Plaintiff, United States of America, acting upon the notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges as follows:

1. Plaintiff brings this action under Sections 5(a), 5(*l*), 12, 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(*l*), 52, 53(b), and 56(a), to obtain monetary civil penalties, a permanent injunction, and other equitable relief from Defendant for its violation of a final Commission order to cease and desist, and for violations of Section 5 of the FTC Act.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(*l*), 53(b), and 56(a).

3. Venue in the United States District Court for the District of Columbia is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391(b-c) and 1395(a).

**DEFENDANT**

4. Defendant Jason Pharmaceuticals, Inc. ("Jason"), is a Maryland corporation incorporated in 1981 with its principal place of business at 11445 Cronhill Drive, Owings Mills, Maryland. In 1993, Jason became a wholly owned subsidiary of Medifast, Inc. Jason has manufactured and sold a variety of weight loss products consisting of meal replacements under the name "Medifast." Jason transacts or has transacted business in this district.

5. At all times material herein, Jason has been engaged in the advertising, offering for sale, and/or sale of weight loss products, programs, and services to the public.

**COMMERCE**

6. The acts and practices of Jason as alleged in this Complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**PRIOR COMMISSION PROCEEDING**

7. In a Commission proceeding bearing Docket No. 3392, the Commission charged Jason with violating Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

8. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

9. Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, Medifast weight loss products are "foods" or "drugs" as defined in Sections 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b), (c).

10.     Pursuant to a settlement, the Commission, on September 16, 1992, issued a final order ("Order") against Jason and its successors and assigns.  Among other things, the Order prohibits Jason and its successors and assigns from making certain representations about the efficacy of its weight loss products, programs, or services without sufficient scientific substantiation.  The Order was served upon Jason and remains in full force and effect.

11.     The Commission's Order, attached to this Complaint as Exhibit A, includes the following provisions:

### ORDER

\* \* \*

For purposes of this order, "competent and reliable scientific evidence" shall mean those tests, analyses, research, studies, surveys or other evidence conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the relevant profession or science to yield accurate and reliable results.

\* \* \*

*It is ordered*, That respondent[] Jason Pharmaceuticals, Inc. . .[its] successors and assigns, and their officers, representatives, agents, and employees, directly or through any corporation, subsidiary, division or other device, in connection with the advertising, promotion, offering for sale, or sale of any weight loss or weight control product, program or service in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from:

\* \* \*

C.      Making any representation, directly or by implication, about the success of patients on any diet program in achieving or maintaining weight loss or weight control, unless, at the time of making any such representation, respondents possess and rely upon a reasonable basis consisting of competent and reliable scientific evidence substantiating the representation; *provided, however*, that for any representation that:

    (1) Any weight loss achieved or maintained through any diet program is typical or representative of all or any subset of patients using the program, said evidence shall, at a minimum, be based on a representative sample of: (a) all patients who have entered the program, where the representation relates to such persons; or (b) all patients who have completed a particular phase of the program or the entire program, where the representation <u>only</u> relates to such persons; . . .

## **DEFENDANT'S COURSE OF BUSINESS**

12. Jason currently promotes several different weight loss products, programs, and services under the "Medifast" name. In 1992, when the Commission's Order was entered, Medifast only was a very low calorie fasting diet of 800 calories or less per day. Users of the Medifast very low calorie fasting diet are required to be supervised by a physician. Jason now primarily sells Medifast low calorie meal substitutes to be consumed as directed by the particular program's support materials. Consumers participating in Jason's most commonly advertised program, the "5 and 1" plan, eat five Medifast meals and one "lean and green" meal each day; this program is a low calorie diet of 800 to 1,000 calories.

13. Jason currently sells Medifast products, programs, and services through different distribution channels, including directly to consumers through the Medifast website, www.choosemedifast.com, or the Medifast in-house call center. Consumers can also order products through independent contractor health coaches under Jason's Take Shape for Life program. Consumers can also obtain Medifast products from physicians who carry such products and resell them to patients.

## **ORDER VIOLATIONS**

14. On numerous occasions since at least November 2009, Jason has disseminated or caused to be disseminated advertisements for Medifast programs, products, and services purporting to promote weight loss, including, but not limited to, the attached print advertisements in Exhibits

B-1 through B-3.  Jason advertises over the radio, television, and Internet, as well as in print.  Its advertisements contain the following statements, among others:

> Why Medifast?   Three great reasons.
>
> Cynthia Lujan lost 73 lbs on Medifast!        Cindy Daniels lost 43 lbs on Medifast!
>
> Jennifer Lilley lost 70 lbs. on Medifast!
> Results will vary.
>
> You can lose up to 2 to 5 pounds per week on Medifast.  [Exhibit B-1]
>
> * * *
>
> When you lose up to 2 to 5 lbs a week with Medifast, you'll feel terrific.  And so will your doctor.
>
> TRUST MEDIFAST.
>
> THE PROGRAM THE DOCTORS RECOMMEND.
>
> Jeff & Maureen lost a combined 169 lbs! [no disclaimer]
>
> Medifast.                           [Exhibit B-2]
>
> * * *
>
> Sam Cox here for Medifast Weight Control Centers. . .[announcer]
>
> Becky: I've lost 97 pounds and . . . .
>
> Sam Cox: I lost a total of 50 pounds in 13 weeks. . . .
>
> Results will vary.
>
> Lose up to 2-5 pounds per week.   [Exhibit B-3]

15.   Defendant's advertisements, including, but not limited to those set forth in Paragraph 14, represent, directly or indirectly, expressly or by implication, that:

> (a)   Users of a Medifast low calorie diet program will likely lose 2 to 5 pounds per week;

(b) The weight loss results obtained by consumers who appear and give testimonials in Defendant's advertisements are typical or representative of users of the Medifast low calorie diet program; and

(c) Users of a Medifast low calorie diet program will likely lose more than 30 pounds.

16. The only disclaimer displayed in most Medifast advertisements containing consumer endorsements is "Results will vary," in small, inconspicuous type in print advertisements, or spoken quickly during radio or television advertisements. This disclaimer is insufficient to change consumers' net impressions that users of a Medifast low calorie diet program can generally expect to achieve the results represented in the advertisements.

17. The representations set forth in Paragraph 15 violate the Commission's Order because Defendant lacks a reasonable basis consisting of competent and reliable scientific evidence to substantiate such representations.

**FIRST CAUSE OF ACTION**

18. Through the means described in Paragraph 14, including, but not limited to, those advertisements attached as Exhibits B-1 to B-3, Defendant, in connection with the advertising, promotion, offering for sale, and/or sale of Medifast weight loss products, programs, and services, has represented, on numerous occasions, directly or indirectly, expressly or by implication, that users of Medifast weight loss products, programs, and services likely will:

A. Lose 2 to 5 pounds per week; and

B. Lose more than 30 pounds.

19. The representations set forth in Paragraph 18 are false or were not substantiated by competent and reliable scientific evidence at the time the representations were made. Therefore,

the making of the representations in Paragraph 18 violates the Order and constitutes a deceptive practice and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## SECOND CAUSE OF ACTION

20. Through the means described in Paragraph 14, including, but not limited to, those advertisements attached as Exhibits B-1 to B-3, Defendant, in connection with the advertising, promotion, offering for sale, and/or sale of Medifast weight loss products, programs, and services, has represented, on numerous occasions, directly or indirectly, expressly or by implication, that the weight loss results obtained by consumers who appear and give testimonials in Defendant's advertisements are typical or representative of users of Medifast weight loss products, programs, and services.

21. The representation set forth in Paragraph 20 is false or was not substantiated by competent and reliable scientific evidence based on a representative sample of all persons who used Medifast weight loss products, programs, and services.  Therefore, the making of the representation in Paragraph 20 violates the Order and constitutes a deceptive practice and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## CIVIL PENALTIES AND EQUITABLE RELIEF

22. Each dissemination by Defendant of an advertisement containing any representation in violation of the Commission's Order constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

23. Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(c) of the

Commission's Rules of Practice, 16 C.F.R. § 1.98(c), authorize this Court to award monetary civil penalties of not more than $16,000 for each violation of the Commission's Order.

24.     Sections 5(*l*) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(*l*) and 53(b), authorize this Court to issue a permanent injunction and such other equitable relief as it may deem appropriate in the enforcement of a Commission Order, as well as such ancillary relief as may be just and proper, to prevent and remedy any violations of any provision of law enforced by the Commission.

## PRAYER FOR RELIEF

25.     **WHEREFORE**, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(*l*) and 53(b), and pursuant to the Court's own equitable powers:

  (1)   Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this Complaint to prevent future violations of the FTC Act and the Commission's Order, including, but not limited to, a permanent injunction;

  (2)   Award Plaintiff monetary civil penalties from Defendant for each violation of the Commission's Order alleged in this Complaint;

  (3)   Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Order and the FTC Act, including, but not limited to, rescission of contracts, restitution, and disgorgement of ill-gotten gains; and

  (4)   Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may deem just and proper.

Dated September 7, 2012

| **FOR THE UNITED STATES OF AMERICA:** | **FOR THE FEDERAL TRADE COMMISSION:** |

**FOR THE UNITED STATES
OF AMERICA:**

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
United States Department of Justice

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

 s/ Alan J. Phelps
ALAN J. PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov
DC Bar No.: 475938

**FOR THE FEDERAL TRADE
COMMISSION:**

WILLARD K. TOM
General Counsel

WILLIAM H. EFRON
Regional Director
Northeast Region

ROBIN E. EICHEN
THEODORE ZANG JR.
Federal Trade Commission
Northeast Region
1 Bowling Green, Suite 318
New York, NY 10004
Phone: 212-607-2829
Facsimile: 212-607-2822